COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Clements
Argued at Chesapeake, Virginia


MAURICE SAUNDERS
                                                    OPINION BY
v.    Record No. 0975-01-1         JUDGE RUDOLPH BUMGARDNER, III
                                                 APRIL 23, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                       Dean W. Sword, Jr., Judge

          (Nathan A. Chapman; Michael Jerome Massie;
          Holley & Massie, P.C., on briefs), for
          appellant.  Appellant submitting on briefs.

          Richard B. Smith, Senior Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     The trial court convicted Maurice Saunders of attempted

murder, malicious wounding, two counts of robbery, and four

related firearms charges.  On appeal, he contends the trial

court erred in admitting a transcript of the victim's testimony

at the preliminary hearing.  He argues that the general district

court did not comply with Code § 19.2-164[1] when it appointed an

_____

     [1] Code § 19.2-164 provides in part,

          [i]n any criminal case in which a
          non-English-speaking person is a victim or
          witness, an interpreter shall be appointed
          by the judge of the court in which the case
          is to be heard . . . .  An English-speaking
          person fluent in the language of the country
          of the . . . victim or a witness shall be
          appointed by the judge of the court in which

interpreter and that the translations were inaccurate.  Finding
no error, we affirm.

Two men robbed the victim, Riadh Mejri, at gunpoint while
he worked at Valley Food Store.  The victim testified through an
interpreter at the preliminary hearing, but the victim was
murdered before the trial.  The victim primarily spoke Arabic
but also spoke French having been born in France.  A friend of
the victim offered to translate Arabic.  The defendant objected
because of bias, and the district court sustained the objection.
The Commonwealth then offered a French interpreter.  After
speaking with the interpreter, the victim indicated he was
comfortable with the interpreter and chose to use her.  The
district court judge swore the interpreter, who translated for
the victim throughout the hearing.

The defendant made no objection in district court to the
use of the interpreter or to the accuracy of the translations.
He made no objections about the preliminary hearing after the
charges were certified to the circuit court.  At trial, the
Commonwealth introduced the death certificate of the victim and
proffered the certified preliminary hearing transcript.  The

<hr>

the case is to be heard, unless such person
obtains an interpreter of his own choosing
who is approved by the court as being
competent. . . .  The provisions of this
section shall apply in both circuit courts
and district courts.

defendant moved to exclude it.  The circuit court admitted the transcript.

First, the defendant contends the circuit court erred in admitting the transcript because the district court failed to appoint an interpreter fluent in the language of the witness' country of origin.  The defendant complains about decisions made by the district court during the preliminary hearing, not to decisions made by the circuit court.  Code § 19.2-164 clearly states the approval and appointment of interpreters is a decision of "the judge of the court in which the case is to be heard."  The defendant objected to one interpreter, and the district court sustained that objection.  He made no further objection, and the district court approved the French interpreter and proceeded with the preliminary hearing without objection.

The purpose of requiring a contemporaneous objection is to enable the opposing party to respond to the alleged error and to enable the ruling court to take any necessary corrective action. Rule 5A:18; Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).  The district court was the only place where corrective action could have cured mistakes made in translating the preliminary hearing.  At trial, the circuit court could not adequately address evidentiary rulings made final at the preliminary hearing.

-

The record of the preliminary hearing does not indicate the district court erred when appointing the interpreter. The defendant contends the district court judge failed to appoint an interpreter fluent in the language of the country of the victim, which the defendant asserts is Arabic. Under the literal interpretation he urges, no one would qualify to translate Arabic. While widely spoken, and the predominant language in many countries, Arabic is not affiliated with a particular county. Arabia is a peninsula. Code § 19.2-164 cannot be read literally because languages frequently do not correlate with national boundaries or identify with a single country: English, German, Spanish. We cannot adopt a statutory interpretation that leads to an illogical result. Earley v. Landsidle, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999). Ironically, if such a literal interpretation were applied to this case, the district court properly appointed a French interpreter because France was the country of the victim's birth.

Next, we consider the defendant's contention that the circuit court should have excluded the transcript because it was inaccurate.[2] The judge presiding at the proceedings being

---

[2] To the extent the defendant argues the circuit court's admission of the preliminary hearing transcript violated his federal constitutional rights, he did not make this argument to the circuit court and cannot raise it now. West Alexandria Props. v. First Virginia Mortgage, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980).

-

transcribed determines "the veracity of the proceedings before him."  Stubblefield v. Commonwealth, 10 Va. App. 343, 350, 392 S.E.2d 197, 200 (1990).  That judge determines whether "the interpreter is performing . . . her duties satisfactorily" by translating the witness' responses with a "reasonable degree of accuracy."  Id.  The presiding judge is "in a unique position to observe the activities of the parties and the clarity of understanding that [was] offered by the translated testimony." Id.

The proceedings at the preliminary hearing for this defendant met the requirements of Stubblefield.  The presiding judge directed the interpreter to give an accurate, verbatim translation of everything the victim said and instructed her to request the victim to keep his answers short.  The record reflects that when the defendant wanted to make certain the victim understood the question, the interpreter clarified both the question and the victim's response.  When the defendant objected to an unresponsive answer, the presiding judge sustained the objection.

Contrary to the defendant's assertion that the transcript is "riddled with mistakes," the presiding judge's "admonishments" to the interpreter show that he was discharging his duty to ensure an accurate translation.  An interpreter's "difficulty in translating the testimony, without more, is insufficient to rebut the presumption that [s]he has acted

-

properly."  Id. at 350-51, 392 S.E.2d at 200 (citations

omitted).  By admitting the testimony, the district judge

determined the interpreter was performing her duties with a

"reasonable degree of accuracy."  The record does not reflect

that the testimony and incidents of the hearing were

inadequately memorialized.[3]

The prior testimony of a deceased witness is admissible at

trial.  Shifflett v. Commonwealth, 218 Va. 25, 28-29, 235 S.E.2d

316, 318-19 (1977) (unrecorded prior testimony is admissible at

trial).  The certified transcript of the preliminary hearing is

deemed a correct statement of what occurred at the hearing.

Code § 19.2-165.[4]  After finding no significant errors related to

the "factualness" of the translation, the circuit court admitted

it.  The circuit court judge stated, the "transcript . . . as an

---

[3] To the extent the defendant contends the translation was
inaccurate, the record provides no means to verify the
translation.  The transcript records only the English spoken at
the preliminary hearing.  Without a transcript of the French
spoken, we are unable to compare the testimony given in French
with its translation into English to determine whether the
translation was accurate.  See Code § 8.01-406 (authorizing a
video transcript of testimony by deaf witnesses for use in
verifying the official transcript).

[4] Code § 19.2-165 provides in part that "[t]he transcript in
any case certified by the reporter . . . shall be deemed prima
facie a correct statement of the evidence and incidents of
trial."

-

interpretation of a foreign language, is probably about as good as it gets . . . ."

When the former testimony carries sufficient indicia of reliability, it provides the trier of fact a satisfactory basis for evaluating the truth of the earlier testimony.  Fisher v. Commonwealth, 217 Va. 808, 813, 232 S.E.2d 798, 802 (1977).  The fact finder remains the judge of the weight of the evidence and the credibility of the witnesses.  In this case, the circuit court judge believed the victim's transcribed testimony, which was corroborated by an eyewitness, and disbelieved the defendant's testimony that he was an innocent bystander.

Upon careful review of the record, we conclude the circuit court did not err in admitting and relying upon the transcript of the victim's testimony at the preliminary hearing.

Affirmed.