COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


DERECK EARL MAJETTE, S/K/A
 DERRICK EARL MAJETTE

                                 MEMORANDUM OPINION[*] BY
v.    Record No. 1400-01-1        JUDGE ROBERT P. FRANK
                                       AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    James A. Cales, Jr., Judge

            S. H. Weaver, Sr. (Weaver Law Offices, on
            brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Dereck Earl Majette, s/k/a Derrick Earl Majette (appellant)

was convicted in a jury trial of one count of malicious wounding,

in violation of Code § 18.2-51; two counts of use of a firearm in

the commission of a felony, in violation of Code § 18.2-53.1; and

one count of robbery, in violation of Code § 18.2-58.  On appeal,

he contends the trial court erred in admitting into evidence the

transcribed testimony of the victim, taken during the preliminary

hearing.  He argues the use of this transcript denied him the

right to due process because the translation was inaccurate and

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

because the court did not appoint the interpreter.  Finding no error, we affirm.

BACKGROUND[1]

Appellant and a codefendant, Maurice Saunders,[2] were charged with a number of offenses.  Mejri Ridah was the victim of these offenses.  Ridah testified, through an interpreter, at the joint preliminary hearing.  Ridah died prior to the trial.

Prior to the jury trial, the Commonwealth moved for the reading into the record of the preliminary hearing transcript of Ridah's testimony as substantive evidence.[3]  Appellant objected.

Ridah's first language was a form of Arabic.[4]  Prior to the preliminary hearing in general district court, the Commonwealth sought to have Ridah's co-worker, who spoke Arabic, translate for the court.  The codefendant objected to that interpreter, so the Commonwealth offered a French-speaking interpreter, knowing the witness spoke French as a second language.  The trial court recessed for the French interpreter to speak with the witness and to determine if they could sufficiently converse in French.

---

[1] We do not discuss the facts of the offenses because they are not relevant to the issues before us.

[2] The codefendant's convictions were upheld by this Court. Saunders v. Commonwealth, 38 Va. App. 192, 562 S.E.2d 367 (2002). That opinion currently is before the Supreme Court of Virginia on a petition for appeal, pursuant to Rules 5:14 and 5:17.

[3] A complete transcript of the preliminary hearing is not part of the record.

[4] The witness was born in France, but primarily spoke Arabic.

-

Although the witness was more "comfortable" speaking Arabic, he agreed to proceed with the French interpreter.

The general district court judge swore in the French interpreter without objection by appellant. At no time during the preliminary hearing did appellant object to the competency of the interpreter, the accuracy of the transcript, or the process used to appoint the interpreter.

The circuit court allowed the Commonwealth to read into the record, as substantive evidence, the transcript of Ridah's preliminary hearing testimony. This transcript included only the English translation, not the French spoken by Ridah and the interpreter.

## ANALYSIS

Appellant contends the trial court erred in allowing the transcript into evidence.[5] He couches his argument in "due process" terms, claiming the translation was inaccurate and, therefore, inadmissible. Appellant contends the general district court failed to determine whether the interpreter and the witness were fluent in French. Appellant further contends the general district court judge violated the requirements of Code § 19.2-164

---

[5] Appellant did not object to the qualifications of the interpreter or the accuracy of the translation during the preliminary hearing. If appellant had expressed concern at that time, the general district court could have taken corrective action.

-

by not "appointing" an interpreter.  The Commonwealth concedes no written order of appointment was entered.

Code § 19.2-164 states, in part:

> In any criminal case in which a non-English-speaking person is a victim or witness, an interpreter shall be appointed by the judge of the court in which the case is to be heard unless the court finds that the person does not require the services of a court-appointed interpreter.  An English-speaking person fluent in the language of the country of the accused, a victim or a witness shall be appointed by the judge of the court in which the case is to be heard, unless such person obtains an interpreter of his own choosing who is approved by the court as being competent.

This statute does not direct a court to make specific findings of eligibility or qualification nor does it require the court to produce a written order appointing an interpreter.  Additionally, although a circuit court generally speaks only through its written orders, Austin v. Consolidation Coal Co., 256 Va. 78, 81, 501 S.E.2d 161, 162 (1998), appellant has cited no law, nor have we found any authority, that requires a general district court[6] to memorialize its rulings in written orders.  Here, the general district court judge implicitly approved the interpreter by

---

[6] A general district court is a court "not of record," as opposed to a circuit court, i.e., a trial court, which is a court "of record."  Va. Const. art. VI, § 1 (trial courts are courts of record); Code § 16.1-69.5 (general district courts are courts not of record).  We do acknowledge the better practice for a general district court is to memorialize its rulings in writing, and some statutes do require written findings or orders.  See, e.g., Code § 18.2-67.9 (allowing closed-circuit testimony in sexual abuse cases).

-

swearing her in and accepting her translation.  We find this satisfied the requirements of Code § 19.2-164.

"[T]he use of an interpreter is a matter committed to the sound discretion of the trial court."  Stubblefield v. Commonwealth, 10 Va. App. 343, 350, 392 S.E.2d 197, 200 (1990) (citation omitted).  "This discretion . . . extends to determining whether, in the trial judge's opinion, the interpreter is performing his or her duties satisfactorily."  Id.

Although portions of the transcript suggest the interpreter did not translate some answers word for word, and, at times, the interpreter had difficulty conveying a precise translation of some words and concepts, the record does not reflect that the interpreter failed to perform her duties "within reasonable limits of accuracy." [7]  Id. at 351, 392 S.E.2d at 201.  The trial court did not abuse its discretion in admitting the transcript.

Appellant also argues, because the transcript was inaccurate, his due process rights were violated.  We disagree with his premise.

This Court held in Stubblefield:

> The constitutional guarantee of due process
> "is, in essence, the right to a fair
> opportunity to defend against the State's
> accusations."  Chambers v. Mississippi, 410

---

[7] Code § 19.2-165 provides, in part, "The transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the evidence and incidents of trial." Appellant does not allege the transcript contained inaccuracies nor does he offer a "correct" translation of the testimony.

-

U.S. 284, 294 (1973). This guarantee encompasses both the right of a defendant to confront witnesses against him and the right to assist in his own defense. See Chambers, 410 U.S. at 295; Pointer v. Texas, 380 U.S. 400 (1965). The Constitution does not, however, guarantee every defendant a perfect trial. The rights vouchsafed are practical, reasonable rights rather than ideal concepts of communication. It is clear in this case that the interpreter translated the testimony of the victim within reasonable limits of accuracy, such that the defendant was granted a fair trial. In this case, due process was satisfied.

10 Va. App. at 351, 392 S.E.2d at 200-01. This Court also held, "[t]he mere fact that the interpreter may have had some difficulty in translating the testimony, without more, is insufficient to rebut the presumption that he has acted properly." Id. at 350-51, 392 S.E.2d at 200.

As in Stubblefield, the interpreter here had some problems translating Ridah's testimony. However, the record does not indicate she translated the victim's testimony outside the "reasonable limits of accuracy." In fact, appellant has never suggested any alternative translation of the testimony.

### CONCLUSION

We find the transcript of the preliminary hearing was reasonably accurate and thus, appellant was not denied his due process rights. We further conclude the general district court properly appointed the interpreter, in compliance with Code

-

§ 19.2-164.  For the reasons stated above, we affirm the convictions.

<u>Affirmed.</u>