COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia


RODERICK WAYNE McDOWELL

v.     Record No. 0510-08-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ELIZABETH A. McCLANAHAN
JUNE 9, 2009


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

David A. Eustis (Eustis & Graham, P.C., on brief), for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Roderick Wayne McDowell of robbery in violation of Code § 18.2-58.

He argues on appeal that the circuit court erred in admitting the transcript of the victim's

preliminary hearing testimony because the victim testified through an interpreter who was not

certified, not duly appointed by the district court, and not placed under oath prior to his

translation of the testimony.  Concluding that Rule 5A:18 bars our consideration of appellant's

arguments on appeal, we affirm his conviction.

The victim testified at appellant's preliminary hearing in district court on the robbery

charge.  It is undisputed that the victim was a Mexican national who spoke Spanish and required

an interpreter "if he [was] . . . to be understood in English."  When the victim was presented as a

witness for the Commonwealth, the attorney for the Commonwealth indicated to the district

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court that this "witness would be the gentleman here [for] who[m] we need an interpreter."[1] The court asked if there was "any objection to Deputy Ramos" being the interpreter. Appellant's counsel responded: "No objection by the defense." Deputy Ramos then acted as the interpreter for the victim during his testimony at the hearing.

After appellant was indicted on the robbery charge, the Commonwealth filed a motion *in limine* with the circuit court requesting that it be allowed to introduce the victim's preliminary hearing testimony into evidence at trial because the victim was unavailable. He had "left the area and returned to Mexico." Appellant's counsel objected to the motion, arguing that the transcript was not admissible because Deputy Ramos "was not sworn in as an interpreter."[2] His counsel nevertheless conceded to the court that "[t]here's no evidence [it was] not a perfect translation."

The circuit court overruled appellant's objection to the Commonwealth's motion and allowed the admission of the transcript of the victim's preliminary hearing testimony as evidence in appellant's trial. The court did so based on, among other things, the fact that there had been no defense objection to the interpreter in district court. A jury subsequently convicted appellant of robbery.

On appeal, appellant challenges the circuit court's admission of the transcript of the victim's preliminary hearing testimony by asserting that Deputy Ramos, the victim's interpreter in district court, was "not a certified interpreter," "not duly appointed by the district court," and "not placed under oath prior to undertaking the translation." Appellant, however, failed to

---

[1] Code § 19.2-164 specifically authorizes in "both circuit courts and district courts" the use of "an interpreter for the non-English-speaking person" who is the accused, the victim or a witness. See Stubblefield v. Commonwealth, 10 Va. App. 343, 348-50, 392 S.E.2d 197, 199-201 (1990) (applying Code § 19.2-164).

[2] Appellant's only other objection to the Commonwealth's motion pertained to the victim's availability as a witness at trial, which is not at issue in this appeal.

preserve these arguments for appeal, having made no objection of any kind to the interpreter in district court.[3]

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." See Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) ("Pursuant to Rule 5A:18, we 'will not consider an argument on appeal which was not presented to the trial court.'" (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)), aff'd, 269 Va. 3, 607 S.E.2d 119 (2005); Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (explaining that the objection "must be both *specific* and *timely*" (emphasis in original)).

In Saunders v. Commonwealth, 38 Va. App. 192, 194, 562 S.E.2d 367, 368-69 (2002), like this case, the defendant challenged the circuit court's admission of a transcript of the victim's testimony given at the preliminary hearing, where the victim testified through a French-speaking interpreter. But, as here, the defendant made no objection at the preliminary hearing in district court to the use of the interpreter. Id. at 194, 562 S.E.2d at 369. In affirming the circuit court, we relied on the Rule 5A:18 "contemporaneous objection" requirement, explaining that its purpose was "to enable the opposing party to respond to the alleged error and to enable the ruling court to take any necessary corrective action." Id. at 195, 562 S.E.2d at 369 (citing Rule 5A:18; Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). We then explained that the district court was "the only place where corrective action could have cured mistakes made in translating the preliminary hearing." Id. The same, of course, is true in

---

[3] We also note, as indicated above, that appellant only raised in the circuit court one of the three arguments he now asserts on appeal.

the instant case.  Thus, each of appellant's arguments challenging the interpreter is waived under

Rule 5A:18 in the absence of any objection to the interpreter in district court. [4]

     For these reasons, we affirm appellant's conviction.

Affirmed.

---

[4] Appellant does not assert any good cause or ends of justice exception to Rule 5A:18, and "we will not invoke one *sua sponte*."  Arrington v. Commonwealth, 53 Va. App. 635, 642 n.7, 674 S.E.2d 554, 557 n.7 (2009); see Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).