COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

MARLENE M. BROWN

                                           MEMORANDUM OPINION[*]

v.       Record No. 1906-15-1                         PER CURIAM
                                                       JUNE 14, 2016

PHITROY GORDON

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

(Chester Smith; Smith Law Group, PLLC, on brief), for appellant.

(Allyson Denise Lee; Simon J. Marle, Guardian *ad litem* for the
minor child, on brief), for appellee.

Marlene M. Brown (mother) appeals a custody and visitation order, which granted sole legal

and physical custody of the parties' minor child to Phitroy Gordon (father). Mother argues that the

trial court erred by (1) violating her right to a *de novo* hearing because it denied her motion to

relieve the guardian *ad litem* (the GAL) and allowed the GAL to issue the same report that was

presented to the Virginia Beach Juvenile and Domestic Relations District Court (the JDR court);

(2) granting sole custody of the minor child to father, even though he was absent from the child's

life for four years; (3) granting sole custody of the minor child to father, even though he previously

had contested an increase in child support when the child was in mother's custody; and (4) granting

sole custody of the minor child to father, without first speaking with the minor child. Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citations omitted).

The parties' minor child was born in 2004. The child lived with mother. In 2008, the JDR court awarded sole legal and physical custody of the child to mother, with visitation to father. The JDR court also ordered father to pay child support.

In 2009, mother retired from the military, and she and the child moved to New York City. According to mother, she gave father her new address, but father denied she did so. He said that he searched for her and the child and did not learn of their address until the JDR court intervened.

In 2014, father filed petitions for custody and visitation. Pursuant to a JDR court order, father started visiting the child in New York City. Mother thwarted father's attempts to visit with the child overnight. She also interfered with father's telephone calls to the child. When father asked about the child's school, mother refused to provide him with the name of the school.

On January 14, 2015, the JDR court held a hearing on father's petitions for custody and visitation. When mother did not appear at the JDR court hearing, the JDR court called mother. She said that she faxed a note stating that the child was sick and she was unable to attend the hearing; however, the JDR court did not receive a phone message or fax from mother. The JDR court awarded sole legal and physical custody of the child to father and awarded mother "reasonable and liberal visitation at father's discretion." Mother appealed the matter to the circuit court.

On January 23, 2015, the child moved to Virginia and began living with father and his family. Father took the child to see a counselor to help with the transition. After a few weeks, the child adjusted well to his new environment.

Mother reported that while the child was in her care, the child had severe asthma and allergy issues. On the other hand, father indicated that since the child had been living with him, the child had not had any problems with asthma.

On May 22, 2015, the parties signed a consent order, which reappointed the GAL and continued the trial date to June 18, 2015.

Mother did not attempt to visit with the child since he moved to Virginia, even though she had been in Virginia for various court dates. Mother frequently would speak with the child by telephone. She also did not contact the GAL, who emailed her on March 14, 2015 and asked her to update him on any changes since the last hearing.

The parties appeared before the trial court on June 18, July 27, and October 5, 2015. At the beginning of the trial, mother requested that the judge speak with the child in chambers. Father objected. The trial court took the matter under advisement.

At the beginning of the second day of the trial, mother asked the trial court to remove the GAL. Mother argued that the GAL was biased and filed a report that contained the same information as the report filed in the JDR court. The trial court denied the motion.

After hearing all of the evidence and argument, the trial court took the matter under advisement and issued a letter opinion on October 9, 2015. The trial court discussed in detail the Code § 20-124.3 factors. It awarded sole legal and physical custody of the child to father and established a visitation schedule for mother. The trial court held, "The Mother has not demonstrated that she could participate in a joint legal custody arrangement that would be in the

child's best interests." On November 28, 2015, the trial court entered a custody and visitation order that memorialized its rulings. This appeal followed.

## ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

*Assignment of error #1*

Mother's first assignment of error states:

> The Circuit Court violated the Appellant Marlene Brown's right to a de novo trial in the Circuit Court under Va. Code Ann. § 16.1-296(A) by denying Brown's motion to relieve the Guardian ad Litem and in allowing the Guardian ad Litem to issue the same report as he did in the JD&R ignoring Brown's relationship with the child and recommending that custody of the minor child be awarded to the Appellee Philtroy [sic] Gordon, and without input from Brown until perfunctorily meeting with Brown for one hour upon motion and a court order, only then to issue the same report.

Mother endorsed the final order as "seen and objected to." She did not file any post-trial motions. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). However, in a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id.

Mother's arguments to the trial court differ from her arguments to this Court. During the trial, she asked the court to relieve the GAL because she thought he was biased and submitted reports that were similar to what was filed in the JDR court. On appeal, mother argues that she was denied a *de novo* hearing because the trial court relied upon the GAL's reports. She contends "the Circuit Court's reliance thereon improperly interjected matters from the JD&R [sic] record into the Circuit Court proceedings." Mother never made these arguments below.

- 4 -

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee, 12 Va. App. at 514, 404 S.E.2d at 737. Since mother did not raise the argument below that she is arguing on appeal, the Court will not consider her first assignment of error.

*Assignments of error #2 and 3*

Mother argues that the trial court erred by awarding sole custody of the child to father because father was absent from the child's life for four years and he contested an increase in child support. Mother again asserts that the trial court erroneously relied on the GAL's report. She also contends the trial court did not "consider adequately all of the factors in Va. Code Ann. § 20-124.3, especially [father's] refusal to pay child support and failure to be a part of [the child's] life in his tender years." Lastly, she states that the trial court erred by failing to find that there was a material change of circumstances that warranted a change in custody.

As with the first assignment of error, the arguments that mother raises in her second and third assignments of error are not preserved because they were not brought to the trial court's attention.

> Rule 5A:18 provides, in part, that in order to preserve an issue for appeal, "an objection [must be] stated with *reasonable certainty* at the time of the ruling." (Emphasis added).
>
>> The purpose of Rule 5A:18 is to "enable the ruling court to take any necessary corrective action," Saunders v. Commonwealth, 38 Va. App. 192, 195, 562 S.E.2d 367, 369 (2002), and to "rule intelligently on the issues presented," Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).
>
> Johnson v. Commonwealth, 58 Va. App. 303, 314 n.2, 709 S.E.2d 175, 181 n.2 (2011). "[A] specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at

that stage of the proceeding." Weidman, 241 Va. at 44, 400 S.E.2d at 167. Where both appellee and the trial court have been afforded that opportunity, the appellant has sufficiently preserved his objection for appeal. Id.

Cox v. Commonwealth, 65 Va. App. 506, 515, 779 S.E.2d 199, 203 (2015).

Because the requirements of Rule 5A:18 have not been met, the Court will not consider the second and third assignments of error.

*Assignment of error #4*

Mother argues that the trial court erred by "granting sole custody of the minor child to [father] . . . without speaking to the minor child before it made its decision on custody."

On the first day of the trial, mother requested that the judge speak with the child in chambers. Father objected. The trial court ruled, "I am going to reserve any ruling on that until I hear the evidence. When I have heard the evidence, if I feel a need to talk to the child, I will make a decision at that time." At the conclusion of all of the evidence, mother did not renew her motion and ask the trial court to speak with the child. The trial court previously took mother's motion under advisement, but never ruled on it.

> "If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006). An appellate court can only "determine whether or not the rulings and judgment of the court below . . . were correct." Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 493 (1942).

Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010).

Accordingly, the Court will not consider mother's fourth assignment of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.