WILLIAM J. WEIDMAN, ET AL.

V.

WILLIAM L. BABCOCK, JR., ET AL.

Record No. 900616

January 11, 1991

Present: All the Justices

*Richard C. Weidman (William J. Wiedman,* on brief), for appellants.

*Thomas Moore Lawson (Barry R. Poretz; Jordan, Coyne, Savits & Lopata,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

This is an appeal in two civil actions, consolidated below for trial, brought by two clients against their former attorney at law. The plaintiffs seek damages for the attorney's alleged "breach of fiduciary responsibility" to the clients. First, we will address an issue of appellate procedure. Second, we will consider the merits of the trial court's substantive ruling.

In 1988, appellant William J. Weidman and his brother, appellant Richard C. Weidman, M.D., filed separate and virtually identical actions against appellee William L. Babcock, Jr., Esquire, and his law firm, appellee Ross, Marsh, Foster, Myers and Quiggle. Generally, the plaintiffs alleged in amended motions for judgment that an attorney-client relationship existed between them and Babcock during the period May 1984 to January 1986. The plaintiffs alleged that Babcock rendered various legal services to them during the period in connection with estate and trust matters involving family members, including their mother, who was in ill health, and their father.

The plaintiffs further alleged that, beginning in September 1987, Babcock undertook to represent their father, a party adverse to them, against their interests in at least seven contested actions pending in the court below. The plaintiffs alleged that, in those proceedings, "Babcock has attempted to exploit to the disadvantage of" the plaintiffs information gained from the plaintiffs during the former attorney-client relationship. Accordingly, the plaintiffs alleged, they have been damaged as the direct and proximate result of "Babcock's breach of fiduciary responsibility."

Subsequently, defendants filed motions to dismiss the present actions. The defendants referred to the "several legal disputes" which commenced in 1987 between the plaintiffs and their father "concerning the estate and trust matters and also the guardianship of the plaintiffs' mother." Defendants asserted that in "several of these lawsuits, the plaintiffs raised a conflict issue" by moving to disqualify Babcock as attorney for the father on the grounds that he had represented the plaintiffs "during the drafting of the estate and trust materials."

Defendants further alleged in their motion to dismiss that, in September 1988, attorneys for the plaintiffs withdrew the motions to disqualify Babcock "in all of the earlier mentioned lawsuits, and those cases proceeded to their respective conclusions." Defendants also alleged that, in the present lawsuits, the plaintiffs claim to have been damaged by Babcock's conduct which resulted

in "the unfavorable outcomes in those prior lawsuits." Concluding, defendants asserted that, "by removing the motions to disqualify in the earlier lawsuits, the plaintiffs have waived their right to allege a breach of an attorney/client relationship in the actions pending before the court today, as well as the alleged damages that the plaintiffs claim from the unfavorable outcomes of the prior lawsuits."

On January 16, 1990, the trial court heard oral argument from counsel for all parties on the defendants' motion to dismiss. Upon consideration of the argument, the court announced from the bench that defendants' "motion is granted." Counsel for the plaintiffs did not voice an objection to this ruling. On February 7, 1990, the decision made during the hearing was memorialized in a "Final Order," which recited that "the defendants' motion . . . to dismiss on the grounds of waiver is sustained and . . . the plaintiffs' cases shall be dismissed with prejudice." The order was endorsed "SEEN" by counsel for the plaintiffs.

On February 12, 1990, plaintiffs, by counsel, filed a notice that on February 16, 1990, they would move the trial judge "to reconsider his ruling that Plaintiffs' claims herein are barred by waiver," citing Rule 1:1 (all final judgments shall remain under control of trial court for 21 days after date of entry, and no longer). On February 16, 1990, plaintiffs filed a nine-page memorandum with the court in support of the motion to reconsider. Following a hearing, the trial court entered an order on February 16 denying plaintiffs' motion for reconsideration. Plaintiffs' counsel endorsed that order, "SEEN: and *all* Exceptions noted." We awarded plaintiffs this appeal.

On appeal, defendants contend that the plaintiffs have not preserved properly their right to appeal. They note that objection was not made on behalf of the plaintiffs to the oral ruling sustaining the motion to dismiss and that the record does not "reflect the absence of an opportunity" for plaintiffs' counsel to object. Further, defendants note that "the Order memorializing the Court's ruling was endorsed by appellants' counsel merely as 'seen' and not 'objected to.' " Consequently, defendants contend, "appellants have thus repeated a fatal error of judgment and law — not only did they waive their right to proceed against Babcock, but they likewise waived their right to appeal the clear ruling of the trial court." We do not agree that the appeal is barred procedurally.

■ Rule 5:25, governing appeals to this Court, provides, in part: "Error will not be sustained to any ruling of the trial court . . . unless the objection was stated with reasonable certainty at the time of the ruling." Code § 8.01-384 touches the issue at the trial court level. It provides that formal exceptions to rulings or orders are unnecessary but "it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." And, we have stated that a party's failure to object to a final order by merely endorsing it as "Seen," without more, is not sufficient to preserve that party's right to appeal. *Langley* v. *Meredith*, 237 Va. 55, 61-62, 376 S.E.2d 519, 522 (1989).

■ In the present case, however, we do not have a bare failure to object to the court's ruling from the bench followed by endorsement of the final order merely as "Seen." Instead, plaintiffs' counsel during the January 16 hearing on the motion to dismiss repeatedly made known to the court his position. Typical of counsel's argument was the following statement: "There was no express waiver of my clients' rights to prosecute an action for a breach of fiduciary duty against their former attorney." Then, during the 21-day period under Rule 1:1 within which the trial court retained jurisdiction over the final order, the plaintiffs filed a motion for rehearing and a nine-page memorandum contending that the plaintiffs' claims were not barred by the doctrine of waiver. Additionally, counsel for the plaintiffs endorsed the order denying the motion for reconsideration entered on February 16, within 21 days of the February 7 final order, as "SEEN: and *all* Exceptions noted."

■ The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. *Reid* v. *Baumgardner*, 217 Va. 769, 773, 232 S.E.2d 778, 780 (1977). In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding. *Hilton* v. *Fayen*, 196 Va. 860, 866, 86 S.E.2d 40, 43 (1955). Those opportunities were afforded both the trial court and counsel for defendants in this case. Consequently, we hold that the plaintiffs preserved their right to appeal.

■ Turning to the merits of the trial court's ruling, we will first review the settled principles applicable to the waiver theory ad-

vanced by defendants. "Waiver is the voluntary, intentional aban-
donment of a known legal right, advantage, or privilege." *Fox* v.
*Deese*, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). Essential
elements of the doctrine are both knowledge of the facts basic to
the exercise of the right and the intent to relinquish that right. *Id.*
A waiver of legal rights will be implied only upon clear and un-
mistakable proof of the intention to waive such rights; the essence
of waiver is voluntary choice. *May* v. *Martin*, 205 Va. 397, 404,
137 S.E.2d 860, 865 (1964).

Measured against the foregoing criteria, the record fails to es-
tablish that plaintiffs waived their right to prosecute their present
claims against defendants. Specifically, defendants did not clearly
and unmistakably prove the required voluntary, intentional aban-
donment by plaintiffs of their legal rights.

The record on appeal pertinent to this issue includes copies of
various pleadings, motions, and portions of transcripts, some relat-
ing to the prior litigation. This material is properly a part of the
record, notwithstanding defendants' claim to the contrary as to
some of the material.

In the litigation begun in 1987 involving their father as an ad-
verse party, the plaintiffs moved in 1988 to disqualify Babcock
from his representation of the father. The plaintiffs asserted that
because Babcock had received "substantial confidential informa-
tion from the Weidman family as the family attorney," he had "a
conflict of interest" in representing the father in intra-family dis-
putes. Responding, Babcock on behalf of the father moved to dis-
miss plaintiffs' motion on the ground that "ethical standards re-
garding conflict of interest are administered by the Virginia State
Bar, not the Courts." A judge of the court below ruled that evi-
dence should be heard to determine whether Babcock "may con-
tinue in the cases." The court stayed the several lawsuits "until
that determination is made."

On September 3, 1988, immediately prior to the taking of a
deposition related to the disqualification motions, plaintiffs, by
counsel, informed the father's attorney that the motions to dis-
qualify were being withdrawn in some of the pending lawsuits.
Counsel for plaintiffs stated that although "we still believe the
motion was proper and is proper," his clients had directed him to
withdraw the motion in four of the cases.

On September 8, formal pleadings withdrawing the motions to disqualify were filed. On September 12 and 13, the present damage suits were filed.

Subsequently, counsel for the father filed a motion asking the court to direct that the disqualification motions be withdrawn with prejudice. On September 16, during argument on the "with prejudice" motion, counsel for the plaintiffs stated to the court the reasons for the withdrawal motions. Counsel represented that because the prior litigation was being delayed pending determination of the disqualification motions, his clients desired to proceed with the prior litigation and to "pursue other remedies regarding Mr. Babcock." Counsel reiterated his clients' belief that Babcock's "position is ethically untenable." At the conclusion of the "with prejudice" hearing, the court refused to grant Babcock's motion, stating that the motions for disqualification "are withdrawn." Defendants do not dispute plaintiffs' assertion that no order was entered stating that the motions to disqualify were withdrawn with prejudice.

The foregoing facts and circumstances fail to show that the plaintiffs expressly or impliedly either voluntarily or intentionally abandoned their claims against Babcock when they withdrew the disqualification motions. Rather, the record demonstrates affirmatively that the motions were withdrawn in order to divorce the conflict of interest issue from the prior litigation so that it could be concluded promptly and so that Babcock's alleged improper conduct could be the subject of "other remedies" in "a different forum," that is, in the present actions. Furthermore, the withdrawal of the motions to disqualify was a discontinuance of the plaintiffs' effort to prevent Babcock's *future* representation of the plaintiffs' opponent. Such withdrawal cannot be fairly interpreted as a release of Babcock from liability for damages allegedly resulting from his *past* conduct up to the time of withdrawal of the motions.

Consequently, we hold that the trial court erred in sustaining defendants' motion to dismiss. We will reverse the order of dismissal and remand the actions to the trial court for further proceedings.

*Reversed and remanded.*