COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


CHARLES RAY LEWIS, III

v.    Record No. 0473-99-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE SAM W. COLEMAN III
APRIL 25, 2000

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

John W. Swezey for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Charles Ray Lewis, III was convicted in a bench trial of

assault and battery in violation of Code § 18.2-57.  On appeal,

Lewis argues that the trial court erred in convicting him of the

assault and battery of Rhonda Amos, an unintended third-party,

where the court found that he did not have the necessary intent to

convict him of assault upon Steven Hankins, the primary victim.

We find that the issue was not properly raised before the trial

court and affirm the conviction.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

Over the course of the evening, Steven Hankins and the defendant argued on several occasions when they encountered each other at different locations in Martinsville.  The last encounter occurred at a private party.  After some time, Hankins decided to leave the party with Rhonda Amos and Mike Ramey.  The three got into Hankins' car, with Hankins driving, Amos in the front center, and Ramey in the front passenger seat.  Hankins testified that Lewis approached the car, banged on the driver's side window, opened the door, and "threw a punch" that grazed Hankins' forehead and landed on the bridge of Amos' nose.

Amos testified that Hankins and Lewis argued and struggled, and, as a result of the struggle, she was struck in the face.  Amos was unaware if Lewis "threw a punch" at Hankins or if the blow was caused by the struggle.

Lewis testified that Hankins called him over to the car and, as he approached, Hankins opened the door and attempted to exit the car.  Lewis pushed the door closed in an effort to keep Hankins inside the car.  Hankins then reached through the window, grabbing at Lewis, while Lewis was pushing Hankins into the car.  Lewis testified that he was unaware that he struck Amos and stated that he only struggled with Hankins in an effort to keep him in the car.

Lewis was charged with assault and battery of Hankins and Amos.  At the close of trial, the court dismissed the charge with respect to Hankins and found Lewis guilty of assault and battery of Amos.

## ANALYSIS

Lewis argues that his conviction of assault and battery of Amos is inconsistent with his acquittal of the assault and battery of Hankins.  Lewis, conceding that intent to assault may be transferred to an unintended third-party, argues that because he was acquitted of the assault and battery of Hankins, the court necessarily found that he did not possess the requisite intent to assault Hankins.  Therefore, Lewis contends that without the intent to assault Hankins, he could not have transferred the intent to Amos.

"The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).  Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the written statement of facts signed by the trial judge.  See id. at 1185, 409 S.E.2d at 20-21.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor

at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18; see also Mounce v. Commonwealth, 4 Va. App. 433, 434-36, 357 S.E.2d 742, 743-44 (1987).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

Here, the record fails to indicate that Lewis argued the issue at trial that he now seeks to raise on appeal. The statement of facts merely states that:

> [u]pon conclusion of all the evidence in the case and argument of counsel, the Court dismissed the charges of assault and battery against Steven Hankins but found the Defendant guilty of assault and battery upon Ms. Amos and thereupon set the penalty of six months in jail. It is from that finding that the appeal is noted.

The issue on appeal, as articulated in Lewis' brief, is whether the court erred "when it found the defendant guilty of assault upon an unintended third party victim when, as a matter of fact, he was not found to have the necessary intent to convict him of assault upon the primary victim." The statement at trial that

- 4 -

"[i]t is from that finding that the appeal is noted" is simply insufficient to preserve the issue Lewis now raises.

At oral argument, Lewis asserted that even though "the issue didn't really arise until the case was concluded," the issue was nevertheless preserved because he noted an immediate appeal after the verdicts were announced. However, Lewis conceded that the statement of facts does not reflect that an objection was made or that the appeal was noted with respect to the particular issue he raises on appeal. Defense counsel asserted that the omission of any mention with respect to the particular issue raised was merely a draftsmanship error and should not be attributed to the defendant. To the extent that Lewis argues that the verdicts are legally or factually inconsistent, we find that neither argument was preserved below.

Accordingly, Rule 5A:18 bars our consideration of this claim. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. We, therefore, affirm Lewis' conviction.

<u>Affirmed.</u>