COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


DAVID J. HOWELL

                                        MEMORANDUM OPINION* BY
v.    Record No. 0955-00-2        JUDGE JEAN HARRISON CLEMENTS
                                             MAY 1, 2001
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. LINDA FISHER


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     Gary A. Hicks, Judge

        David J. Howell, pro se.

        Nicholas S. Murphy, Special Counsel (Mark L.
        Earley, Attorney General; Ashley L. Taylor,
        Jr., Deputy Attorney General; Robert B.
        Cousins, Jr., Senior Assistant Attorney
        General; Craig M. Burshem, Regional Special
        Counsel, on brief), for appellee.


     David J. Howell appeals from the rulings of the trial court

dismissing his appeal from the juvenile and domestic relations

district court. On appeal, he contends the trial court erred in

ruling that (1) his contempt was civil rather than criminal, (2)

the issue of his driver's license suspension was moot, and (3) an

appeal bond was required. Howell further contends that he was

denied due process and equal protection of the law. Finding

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

appellate review procedurally barred, we affirm the decisions of the trial court.[1]

BACKGROUND

David J. Howell was ordered to pay child support to Linda Fisher pursuant to various court orders, the current one providing for the payment of $75 per week. Payments were ordered to be made through the Division of Child Support Enforcement (DCSE).

On October 21, 1998, DCSE filed a motion for a show cause summons against Howell in the juvenile and domestic relations district court, alleging that Howell was in arrears and seeking an adjudication of contempt. On that same date, DCSE also filed a petition seeking an order suspending Howell's driver's license because of his delinquency in child support payments. The clerk of the juvenile and domestic relations district court issued a show cause summons on February 19, 1999. On May 5, 1999, Howell filed a motion to reduce his child support obligation. On December 7, 1999, the juvenile and domestic relations district court entered orders (1) establishing an arrearage of $26,882.22 as of November 30, 1999; (2) finding Howell in civil contempt of court; (3) suspending Howell's driver's license for failure to provide support; and (4) denying Howell's motion to modify his

---

[1] Because we conclude that Howell's appeal is procedurally barred, we do not address whether the trial court's order of February 10, 2000 was an appealable order pursuant to Code § 17.1-405 or whether Howell's notice of appeal therefrom was timely filed pursuant to Rule 5A:6.

-

child support obligation. The juvenile and domestic relations district court also sentenced Howell to twelve months in jail, but provided for his release from custody upon payment of $5,000 toward his child support arrearage.

On December 8, 1999, after purging himself of contempt by paying $5,000 toward his arrearage, Howell filed a notice of appeal with the clerk of the juvenile and domestic relations district court, indicating his intention to appeal the juvenile court's December 7, 1999 orders, including the court's establishment of the arrearage. The clerk's office required that Howell post an appeal bond equal to the arrearage. The following day, Howell filed a second notice of appeal. Unlike the first one, the second notice of appeal did not indicate an intention to appeal the establishment of the arrearage. No appeal bond was set for the second notice of appeal. The record does not reflect whether Howell withdrew the first notice of appeal, but it was not filed in the circuit court. The second notice of appeal was received in the clerk's office of the circuit court on December 29, 1999.

At a hearing before the circuit court on January 10, 2000, amidst confusion over what had been appealed from the lower court, Howell's counsel advised the trial court that Howell was appealing the juvenile court's finding of civil contempt of court, the suspension of Howell's driver's license, the establishment of the arrearage, and the denial of Howell's motion to amend child

-

support.  The trial court ruled that the issues of civil contempt and the suspension of Howell's driver's license were moot because Howell had purged his contempt.  An order memorializing this ruling was entered on February 10, 2000, without objection by Howell.  The trial court continued the issues of the establishment of the arrearage and Howell's motion to reduce his child support obligation, and granted Howell until April 10, 2000 to post an appeal bond of $26,882.22.

On April 10, 2000, the trial court dismissed Howell's appeal of the establishment of the arrearage and of the denial of his motion to modify child support because of Howell's failure to post the appeal bond.  An order reflecting the dismissal of Howell's appeal and remanding the case back to the juvenile and domestic relations district court was entered on June 5, 2000.  Howell's attorney endorsed the order "Seen and Objected to" and noted Howell's objections as follows:

> (1) David J. Howell was tried and convicted of criminal failure to appear by the Juvenile Court as opposed to civil contempt for failure to pay child support.  It was the incorrect criminal failure to appear which he appealed to this Circuit Court; and (2) David J. Howell agreed there was/is an outstanding arrearage of $26,000 [approximately]. However, $19,000 [approximately] was stayed by the Circuit Court.  The stay has never been recognized by Support Enforcement.  The $26,000 [approximately] is inclusive of the $19,000 [approximately].

On April 26, 2000, Howell filed his notice of appeal of, in part, the trial court's order of February 10, 2000 and, in part,

the rulings from the hearing of April 10, 2000, subsequently memorialized in the trial court's order of June 5, 2000.

ANALYSIS

On appeal to this Court, Howell challenges the trial court's "civil" contempt ruling and the order suspending his driver's license.  He also alleges that his rights of due process and equal protection were violated.  He further contends that an appeal bond was not required because he did not appeal the establishment of the arrearage.

In support of this last contention, Howell asserts that, when informed by the clerk of the juvenile and domestic relations district court that he was required to post an appeal bond of $26,882.22 to appeal his entire case, he "cancelled" his notice of appeal dated December 8, 1999.  He then, his argument continues, returned the following day to the clerk's office to "renote [sic] his appeal," indicating that he wished to appeal to the trial court only the "criminal" jail sentence, the suspension of his driver's license, and the denial of his motion to amend his child support obligation.

However, at the January 10, 2000 hearing on Howell's appeal, Howell told the trial court that he was appealing the juvenile court's finding of civil contempt, the suspension of his operator's license, the establishment of the arrearage, and the denial of his motion to modify child support.  Furthermore, on February 10, 2000, the trial court entered, without objection

-

by Howell, an order memorializing its January 10, 2000 rulings disposing of the issues of civil contempt and the suspension of Howell's license. Howell made no objection (1) to the trial court's finding in that order that the nature of the contempt of court issue before it was civil rather than criminal, (2) to the court's finding that Howell had not posted the required appeal bond and that the appeal would be dismissed unless the bond was posted within thirty days, or (3) to the court's dismissal of his appeal of the contempt and license suspension issues as being moot.

On April 10, 2000, the trial court then dismissed Howell's appeal of the remaining issues--the establishment of the arrearage and Howell's motion to modify child support. Howell's only objections to the June 5, 2000 order memorializing those rulings were that the conviction he had appealed was criminal failure to appear rather than civil contempt for failure to pay child support and that a portion of his arrearage had been previously stayed by the circuit court. Moreover, at no point did Howell make the argument to the trial court that his constitutional rights had been violated.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor <u>at the time of the ruling</u>." (Emphasis added.) Thus, we will not consider a claim of trial court error as a

-

ground for reversal "where no timely objection was made."

Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120,

125 (1998).  Nor will we "consider an argument on appeal which

was not presented to the trial court.  Rule 5A:18 applies to bar

even constitutional claims."  Ohree v. Commonwealth, 26 Va. App.

299, 308, 494 S.E.2d 484, 488 (1988) (citations omitted).

> The main purpose of requiring timely
> specific objections is to afford the trial
> court an opportunity to rule intelligently
> on the issues presented, thus avoiding
> unnecessary appeals and reversals.  In
> addition, a specific, contemporaneous
> objection gives the opposing party the
> opportunity to meet the objection at that
> stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

We hold, therefore, that, because they were either not

timely presented or never presented to the trial court, the

arguments Howell makes before us on appeal are procedurally

barred by Rule 5A:18.  Furthermore, our review of the record in

this case does not reveal any reason to invoke the "good cause"

or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm the trial court's rulings.

Affirmed.

-