COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


EDWIN EUGENE GELLETLY, JR.

                              MEMORANDUM OPINION[*] BY
v.    Record No. 2563-00-2    JUDGE JEAN HARRISON CLEMENTS
                                   AUGUST 7, 2001
ELANA H. GELLETLY


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                Melvin R. Hughes, Jr., Judge

        Edwin Eugene Gelletly, Jr., pro se.

        Eileen A. Smith (Spinella, Owings & Shaia, on
        brief), for appellee.


     Edwin Eugene Gelletly, Jr., (husband) appeals from a decision

of the trial court denying his motion to terminate or reduce

spousal support.  Elana H. Gelletly (wife) cross-appeals the

denial of her motion for sanctions and attorney's fees.  On

appeal, husband contends the trial court erred (1) in failing to

act upon wife's intentionally false and misleading testimony, (2)

in finding the evidence insufficient to support his motion, (3) in

refusing to admit evidence of wife's bankruptcy and statements in

discovery, and (4) in receiving improper and direct contact by the

wife.  In her cross-appeal, wife contends the trial court abused

its discretion in denying her motion for sanctions and attorney's

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fees.  Each party seeks an award of attorney's fees and costs on appeal.  Finding appellate review procedurally barred, we affirm the decision of the trial court.  Accordingly, we dismiss wife's motion to exclude parts of husband's designation of the record and deny each party's request for attorney's fees and costs.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

Our review of an appeal is restricted to the record.  Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401 (1986). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).  Furthermore, we do not presume on appeal that the trial court has erred.  Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed."

Id. (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

-

The trial court's record in this case is voluminous. However, the appendix is only twenty-one pages and lacks nearly all the documents pertinent to this appeal, including the final order appealed from. Upon our review of the briefs, the appendix, and the record, we conclude that the parties have failed to provide us with an adequate appendix or references to the record to enable us to address the factual issues that have been raised by both parties and determine whether the trial court erred. "We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Furthermore, husband has raised various issues for the first time on appeal and has requested for the first time specific relief in the appellate court that was not requested in the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

-

For these reasons, we are barred from considering the issues before us.  Accordingly, we affirm the trial court's judgment.

<u>Affirmed.</u>