COURT OF APPEALS OF VIRGINIA

Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


ANTHONY TERRELL CHAMBERS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1302-02-3          JUDGE ROBERT J. HUMPHREYS
                                           JANUARY 28, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

            Sidney H. Kirstein for appellant.

            Michael T. Judge, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Anthony Terrell Chambers appeals his conviction, after a

bench trial, for distribution of cocaine, in violation of Code

§ 18.2-248.  Chambers contends the trial court erred in granting

the Commonwealth a continuance, after his trial had begun,

pursuant to Code § 19.2-183(C).  Finding appellate review

procedurally barred, we affirm Chambers' conviction.

     Code § 19.2-183 provides as follows:

            § 19.2-183. Examination of witnesses;
            assistance of counsel; evidentiary matters
            and remedies; power to adjourn case. —

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

A.  The judge before whom any person is brought for an offense shall, as soon as may be practical, in the presence of such person, examine on oath the witnesses for and against him.  Before conducting the hearing or accepting a waiver of the hearing, the judge shall advise the accused of his right to counsel and, if the accused is indigent and the offense charged be punishable by confinement in jail or the state correctional facility, the judge shall appoint counsel as provided by law.

B.  At the hearing the judge shall, in the presence of the accused, hear testimony presented for and against the accused in accordance with the rules of evidence applicable to criminal trials in this Commonwealth.  In felony cases, the accused shall not be called upon to plead, but he may cross-examine witnesses, introduce witnesses in his own behalf, and testify in his own behalf.

C.  A judge may adjourn a trial, pending before him, not exceeding ten days at one time, without the consent of the accused.

Here, after Chambers' trial began on December 17, 2001, the Commonwealth called Investigator Saxon, of the Lynchburg Police Department Vice Unit, as its first witness.  During his testimony, the Commonwealth attempted to introduce the lab analysis certificate for the drugs.  However, Chambers objected, contending that the certificate was hearsay because the Commonwealth had failed to comply with the terms of Code § 19.2-187.  Specifically, Chambers represented to the court that he notified the Commonwealth of his request for the certificate ten days before trial, as required by Code § 19.2-187, but that the Commonwealth failed to provide him a

-

copy of the certificate within the time period prescribed by the statute. Chambers argued that because Code § 19.2-187 required the Commonwealth to forward him the requested copy of the certificate within seven days prior to trial, the certificate was inadmissible as hearsay.[1] The Commonwealth responded that it had never received Chambers' request for the certificate and asked the court for an adjournment "so that [Chambers] can get his lab certificate."

The trial court granted the Commonwealth a four-day adjournment pursuant to Code § 19.2-183(C). Chambers objected, stating that he would "oppose any continuance" and that he did not agree to the continuance, nor did he concede that the continuance "cure[d] the problem." The trial reconvened, and was ultimately completed, on December 21, 2001.

On appeal, Chambers contends that Code § 19.2-183(C) does not provide a trial court with the discretion to impose an adjournment during a "trial," but only during a preliminary hearing. Specifically, Chambers contends that because the statute appears in Chapter 12, of Title 19.2, which, by its title, relates to "Preliminary Hearings," the "language of Code Section 19.2-183 makes it quite clear that this statute relates" only to

---

[1] Chambers acknowledged that he sent the request for the certificate to the clerk, with a carbon copy to the Commonwealth. He further acknowledged that the clerk sent him a copy of the certificate four days prior to trial.

-

preliminary hearings.  Chambers further argues that to permit Code

§ 19.2-183 to relate to trial proceedings, such as in his case,

amounts to a violation of constitutional due process because it

denies the defendant his "right[] to a[n] orderly, continuous,"

and prompt trial.

However, the record here demonstrates that Chambers failed to

raise either of these arguments before the trial court.  In fact,

Chambers lodged only a bare objection to the court's action in

granting the adjournment and made no argument concerning the trial

court's reliance on Code § 19.2-183(C).

We will not consider Chambers' assertions of error for the

first time on appeal.  "No ruling of the trial court . . . will be

considered as a basis for reversal unless the objection was stated

together with the grounds therefor at the time of the ruling,

except for good cause shown or to enable the Court of Appeals to

attain the ends of justice."  Rule 5A:18.  "Rule 5A:18 applies to

bar even constitutional claims."  Ohree v. Commonwealth, 26

Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

> The main purpose of requiring timely
> specific objections is to afford the trial
> court an opportunity to rule intelligently
> on the issues presented, thus avoiding
> unnecessary appeals and reversals.  In
> addition, a specific, contemporaneous
> objection gives the opposing party the
> opportunity to meet the objection at that
> stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)

(citations omitted).  Thus, "[t]he Court of Appeals will not

-

consider an argument on appeal which was not presented to the trial court." <u>Ohree</u>, 26 Va. App. at 308, 494 S.E.2d at 488.

Therefore, because we find no cause on this record to invoke the ends of justice exception to Rule 5A:18, Chambers' arguments on appeal are barred from our consideration, and we affirm his conviction.

<u>Affirmed.</u>