## CIRCUIT COURT OF FAIRFAX COUNTY

Dominion Consulting
and Management, Inc.

v.

Andrew W. Davis,
trustee, et al.

January 13, 2004

Case No. (Chancery) 185773

BY JUDGE KATHLEEN H. MACKAY

This cause came before the Court on October 31, 2003, on Defendants' motion for a stay pending arbitration. The motion was denied on the basis of the 1997 edition of AIA Document A-201 (General Conditions), which contains a carve-out provision allowing for actions on mechanic's liens to proceed despite the parties' agreement to submit disputes to arbitration. Although the parties disagree as to the extent to which such actions may proceed while arbitration is pending, the Court does not reach that issue.

Following this ruling, Defendants moved the Court to reconsider, on the ground that the parties' contract incorporated the 1987 General Conditions, which do not contain the carve-out. Defendants' assertion is correct: Article 1.2 of the contract states that "For the Construction Phase, the General Conditions of the Contract shall be the 1987 Edition of AIA Document A201, General Conditions of the Contract for Construction, which is incorporated herein by reference."

The dispute between these parties concerns payment for work performed during the Construction Phase. Therefore, the 1987 General Conditions apply. This document contains neither the carve-out for mechanic's liens nor analogous language. Instead, at article 4.5.1, it provides simply that "any controversy or Claim arising out of or related to the Contract or the breach

thereof shall be settled by arbitration. . . ." At article 4.5.5, it further provides that the "foregoing agreement to arbitrate … shall be specifically enforceable under applicable law in any court having jurisdiction thereof."

The parties contracted, therefore, to submit all claims to arbitration, to the extent required by Virginia law. Under Virginia Code § 8.01-577, when parties have agreed to arbitration, submission of "any claim or controversy to arbitration pursuant to such agreement shall be a condition precedent to institution of suit or action thereon." Furthermore, "the agreement to arbitrate shall be enforceable, unless the agreement also provides that submission to arbitration shall not be a condition precedent to suit or action."

Here, the parties contracted to submit any controversy or claim to arbitration. No contract provision provides that arbitration will not be a condition precedent to suit or action. Therefore, under applicable Virginia law, arbitration is a condition precedent to Complainant's suit.

In its brief, Complainant argues against this result on two grounds, first, that Defendants should not be allowed to argue on the basis of the 1987 General Conditions, as they did not object to the presentation of the 1997 edition during argument. Complainant relies on *Weidman v. Babcock*, 241 Va. 40, 44, 400 S.E.2d 164 (1991), in concluding that parties are not allowed "do overs." The decision in *Weidman*, however, does not support Defendants' position. In that case, the Plaintiffs' attorney initially failed to timely object to the trial court's oral ruling. However, the Court found that the attorney had preserved his objection by, *inter alia*, noting the objections on the written order and timely filing a motion for reconsideration. Here, Defense counsel signed the Court's order as "seen and objected to" and timely asked for reconsideration. Although Defendants did not present the 1987 General Conditions during argument, the Court finds their presentation in this motion to be proper.

Complainant also argues that the 1997 General Conditions are the version generated by Defendants' architect, presented to Complainant when the contract was executed and under which the parties performed. However, the parties' contract is clear and unambiguous in stating that it incorporates the 1987 General Conditions. "Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 119, 557 S.E.2d 199 (2002). The parties' contract clearly incorporates the 1987 General Conditions. Therefore, the Court cannot look outside the agreement to consider the parties' conduct.

For the foregoing reasons, Defendants' motion for reconsideration is granted, and this matter will be stayed pending arbitration.