McCLANAHAN, J.,
concurring:
On appellant’s sixth question, I concur in the majority’s result. However, I agree with wife that the issue is procedurally barred. Husband referenced only the Lee-Taylor property in his motion to strike. The majority opinion indicates that “[vjiewed in its totality ... husband’s motion to strike can be fairly understood as an objection to the court’s treatment of both the Route 50 and Lee-Taylor properties.” The transcript reveals no evidence that husband made any objection to, or mention of, the Route 50 property in his motion to strike. We should not, therefore, impute his argument about the Lee-Taylor property to the Route 50 property.
Rule 5A:18 states: “No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” See also Code § 8.01-384(A). “ ‘The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.’” Ohree v. Commonwealth, 26 *41 Va.App. 299, 307, 494 S.E.2d 484, 488 (1998) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). When such specific objections have not been made, this Court will not consider an argument on appeal that was not presented to the trial court. Id. at 308, 494 S.E.2d at 488 (citing Jacques v. Commonwealth, 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991)).
We have held on numerous occasions that where an appellant fails to state the alleged error with specificity to the trial court, he or she will not be heard to complain on appeal. See Campbell v. Commonwealth, 12 Va.App. 476, 405 S.E.2d 1 (1991). Appellant failed to raise the issue in his motion to strike. Thus, Rule 5A:18 and Code § 8.01-384(A) bar our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.