COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


DORIS M. ADDENBROOK, INDIVIDUALLY
 AND AS EXECUTRIX OF THE ESTATE OF
 J. ROBERT ADDENBROOK AND AS TRUSTEE
 OF THE J. ROBERT ADDENBROOK AND
 DORIS M. ADDENBROOK REVOCABLE
 LIVING TRUST
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2612-03-1              JUDGE ROSEMARIE ANNUNZIATA
                                                          MAY 11, 2004
JANE FURNALD ADDENBROOK


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Alan E. Rosenblatt, Judge

    Herbert W. Titus (Troy A. Titus; Titus Law Group, on briefs), for
    appellants.

    Barry Dorans (Wolcott Rivers, P.C., on brief), for appellee.


    This appeal arises from a dispute between Doris Addenbrook (Doris) and Jane

Addenbrook (Jane) regarding the construction of an agreement to pay spousal support

incorporated into a 1977 decree granting a divorce to J. Robert Addenbrook (Robert) from Jane,

Robert's first wife. Doris, Robert's second wife, filed a bill of complaint asking the trial court to

declare that the 1977 decree established a court-ordered spousal support obligation which

terminates on Robert's death, and not a contractual obligation "in lieu of" spousal support which

survives his death. The trial court sustained Jane's demurrer to Doris's bill of complaint, a ruling

Doris challenges as erroneous on appeal. We affirm because we find that Doris's appeal is

procedurally defaulted.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. Background

The facts underlying this appeal are not in contention. On November 9, 2001, Robert, a resident of the City of Virginia Beach, died testate, naming Doris as executrix of his last will and testament.

Before his marriage to Doris, Robert was married to Jane, from whom he was divorced by final decree of the Circuit Court of the City of Virginia Beach in 1977. In the 1977 decree, the court "approved, ratified and confirmed" a stipulation between the parties, the pertinent portion of which reads as follows: "[T]hat [Robert] will pay [Jane] the sum of $125 per week in lieu of alimony so that there will be no tax liability on her part, until she dies or remarries; and that this is not an item that is adjustable. It is by contract."

Incorporating the stipulation, the 1977 divorce decree ordered Robert

> to pay [Jane] the sum of $125 weekly in lieu of spousal support as
> agreed, which shall survive the death of plaintiff, said sum to
> continue beyond the death of [Robert] as a contractual obligation;
> however, said spousal support as agreed shall terminate upon
> marriage or death of the defendant, [Jane].

Subsequently, the circuit court, by consent order dated October 15, 1991, modified the 1977 divorce decree, adjusting the monthly "in lieu of spousal support" payment from $125 per week to $541.66 per month. The 1991 decree referred to the monthly payments as "payments 'in lieu of spousal support.'" The decree stated its intention was "to modify the Divorce Decree, which called for payments to be made at the rate of $125.00 per week."

From 1991 until Robert's death, Jane received monthly payments of $541.66 as ordered by the 1991 decree. After his death, Doris, as executrix of Robert's estate, ceased such payments.

Doris filed a bill of complaint on May 13, 2002, seeking a declaratory judgment that the monthly payment obligation constituted court-ordered spousal support that ceased upon Robert's

death. In a second amended complaint, Doris specifically alleged that "the October 15, 1991 order . . . modifying the March 28, 1977 order, in legal effect, transformed that part of said March 28, 1977, order which approved, ratified and confirmed that [Robert] was to pay a specified weekly amount 'in lieu of alimony . . . as a contractual obligation' to a court order to pay $541.66 per month as spousal support." She further alleged that, because the October 15, 1991 decree did not provide or did not otherwise indicate that the monthly support payments were to continue after Robert's death, Jane had no right to receive monthly payments from Robert's estate.

Jane's demurrer to the claim for declaratory relief was sustained. The court granted relief on Jane's cross-claim seeking payments from the estate and ordered Doris to resume the $541.66 monthly payments.

On appeal, Doris contends the court erred in sustaining the demurrer because the trial court did not consider an ambiguity in the 1977 decree. Because Doris did not present this argument to the trial court, we find that her appeal is barred by Rule 5A:18.

## II. Analysis

Doris first argues that the 1977 decree requiring Robert to pay Jane $125 per week is ambiguous as to whether the obligation was contractual or court-ordered spousal support. She further contends that the 1991 decree resolved this ambiguity in her favor because it modified the payment; if the periodic payment mentioned in the 1977 decree was a contractual obligation, she argues, the court would have had no authority to modify it in 1991. We find Doris's appeal procedurally defaulted because she did not present the first argument to the trial court.

Rule 5A:18 states that "no ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefore at the time of the ruling." This Court has said that the rule

- 3 -

> promotes the correction of error at the trial level. Lee v. Lee, 12
> Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). It requires that
> the grounds of any objection be presented to the trial court,
> affording the trial judge an opportunity to consider the issues
> intelligently and take corrective action. Martin v. Commonwealth,
> 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992). The rule also
> prevents unfairness to the opposing party "who may have been
> able to offer an alternative to the objectionable ruling, but did not
> do so, believing there was no problem." Lee, 12 Va. App. at 514,
> 404 S.E.2d at 737; see also Weidman v. Babcock, 241 Va. 40, 44,
> 400 S.E.2d 164, 167 (1991).

Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004). In accordance

with these principles, we have also stated that "the same argument must have been raised, with

specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42

Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) (citing Buck v. Commonwealth, 247 Va. 449,

452-53, 443 S.E.2d 414, 417 (1994)).

In the trial court, Doris's counsel argued only that the 1991 decree "translated or

converted that payment in lieu of spousal support into spousal support; and since [the 1991]

decree was silent with regard to how long it would last, . . . it terminates upon . . . [Robert's]

death." She reasoned that the 1991 decree's failure to mention the duration of the obligation

transformed the 1977 contractual obligation into court-ordered spousal support.

On appeal, however, Doris does not argue that the 1991 decree's failure to mention the

duration of the obligation transformed the 1977 contractual obligation. Instead, she argues that

the 1977 decree ambiguously referred to the payment obligation as both contractual and

court-ordered support payments and that the 1991 decree resolved the ambiguity, reasoning that

the 1977 obligation was necessarily court-ordered spousal support because the trial court did not

have the authority to modify a contractual obligation. Doris concluded on brief that: "[b]ecause

the 1991 decree could legally have modified *only* that portion of the 1977 decree ordering

'spousal support,' not that portion of the 1977 decree ordering payments 'in lieu of spousal

support,' there was neither an agreement nor a stipulation that spousal support payments extended beyond" Robert's death.[1]

Doris did not present the argument contained in her opening brief to the trial court. She thus deprived the trial court of the opportunity to rule intelligently on the issue. See Martin, 13 Va. App. at 530, 414 S.E.2d at 404. We must therefore dismiss her appeal and affirm because she failed to comply with Rule 5A:18.[2]

Affirmed.

---

[1] We do not reach the merits of this argument.

[2] We need not address Doris's remaining arguments because they rely on the "ambiguity" of the 1977 decree, an argument which was not presented to the trial court.