COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Clements and Haley

PETER HOOPER

v. Record No. 2487-04-3

PAULA ODLE

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 26, 2005

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
William D. Broadhurst, Judge

(Barry M. Tatel; Christopher W. Ingle; Key, Tatel & McNally, P.C., on brief), for appellant.

(Ellen S. Weinman, on brief), for appellee.

Peter Hooper (father) appeals a decision of the trial court awarding Paula Odle (mother) custody of the parties' five children.[1] Father contends the trial court abused its discretion in making the custody decision when it failed to adequately explain its reasons for the decision. Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Father endorsed the final order "Seen and objected to," stating no reasons for the objection. The written statement of facts does not contain an argument presented by father to the trial court requesting further explanation for its decision to grant mother custody of the children. Furthermore, the written statement of facts does not show that father made any objections to any of the findings of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties had six children, but one of the children was eighteen years old at the time the trial court entered the custody order.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accordingly, appellant's argument is barred by Rule 5A:18 because it was not raised in the trial court, providing us no ruling to review on appeal.

Further, the ends of justice do not require us to address this issue. "[T]he ends of justice exception is narrow and is to be used sparingly . . . . The trial error must be clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (internal quotations and citations omitted). "[To invoke the ends of justice exception to Rule 5A:18, the record] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (internal quotations and citations omitted).

The evidence does not support application of the exception; therefore, Rule 5A:18 bars our consideration of this issue on appeal.

Mother requests her attorney's fees and costs expended in this appeal. Upon consideration of the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 470 S.E.2d 98, 100 (1996).

Affirmed and remanded.