COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


JULIUS A. BANKS

                                                  MEMORANDUM OPINION[*]
v.        Record No. 1131-09-1                         PER CURIAM
                                                    DECEMBER 1, 2009
ELEANOR OSAMWONYI


                    FROM THE CIRCUIT COURT OF YORK COUNTY
                         Randolph T. West, Judge Designate

               (Stephanie M. Sauer; Legal Aid Society of Eastern Virginia, on
               brief), for appellant.

               (Laura M. Thornberry; Stephen K. Smith, Guardian *ad litem* for the
               minor child, on brief), for appellee.


        Julius A. Banks (father) appeals the trial court's decision granting custody of his son

(A.) to Eleanor Osamwonyi (grandmother).  Father argues that the trial court erred in finding that

(1) there was clear and convincing evidence that special facts and circumstances existed to rebut

the parental presumption and (2) it was in the child's best interests for grandmother to have

custody of him.  Upon reviewing the record and briefs of the parties, we conclude that father did

not preserve his issues for appeal.  See Rule 5A:18.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                                      BACKGROUND

        On September 26, 2001, A. was born to father and Precious Burke (mother).  In 2002, father

was awarded joint legal custody with mother, and he had liberal visitation with A.  A. lived with his

mother, grandmother, and his half-brother until his mother died from a seizure on May 31, 2008.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After mother's death, A. began to live with father. In July 2008, grandmother filed for custody of A., and on December 19, 2008, the York County Juvenile and Domestic Relations District Court awarded joint legal custody to father and grandmother and primary physical custody to grandmother with reasonable visitation to father. Father appealed to the trial court. After hearing evidence and argument from the parties and the guardian *ad litem*, the trial court found that "special facts and circumstances" existed to rebut the parental presumption and ordered that father and grandmother shall have joint legal custody with primary physical custody granted to grandmother. Father was awarded reasonable visitation. Father endorsed the final order as "have seen," and did not specify any objections.

There was no court reporter at the hearing in the trial court. The trial court accepted a statement of facts, which summarized the procedural history and the witnesses' testimony.[1] The statement of facts did not discuss any motions or arguments of counsel, nor did it state any objections of counsel to the trial court's findings or rulings.

ANALYSIS

Rule 5A:18 states that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

---

[1] The trial court entered an order explaining that father's statement of facts was incomplete, so the trial court's statement of facts included the statement of facts presented by father, the objections submitted by grandmother, and the objections submitted by the guardian *ad litem*.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee, 12 Va. App. at 515, 404 S.E.2d at 738. Father provided none of these motions or arguments in the record.

The final order simply states "have seen" and does not specify father's objections to the order. "We have stated that a party's failure to object to a final order by merely endorsing it as 'Seen,' without more, is not sufficient to preserve that party's right to appeal." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citing Langley v. Meredith, 237 Va. 55, 61-62, 376 S.E.2d 519, 522 (1989)). See also Lee, 12 Va. App. at 516-17, 404 S.E.2d at 738-39.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For the foregoing reasons, we hold that father's issues on appeal are procedurally defaulted under Rule 5A:18. We therefore affirm the decision of the trial court.

Affirmed.