COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, McCullough and Chafin
Argued at Salem, Virginia


DERRICK JUBAL POWELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2265-12-3                      JUDGE TERESA M. CHAFIN
                                                    DECEMBER 17, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GILES COUNTY
Colin R. Gibb, Judge

James C. Turk, Jr. (Harrison & Turk, P.C., on briefs), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.



        On November 7, 2012, the Circuit Court of Giles County ("circuit court") convicted

Derrick Jubal Powell ("appellant") of breaking and entering, attempted breaking and entering,

and grand larceny in cases it had previously taken under advisement.  On appeal, appellant

argues that the circuit court erred by convicting him based on conduct outside of the terms of his

plea agreement.[1]  As appellant failed to object on this ground before the circuit court, Rule 5A:18

bars our consideration of this issue on appeal.

        Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for

reversal unless an objection was stated with reasonable certainty at the time of the ruling, except

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's opening brief also included two other assignments of error.  Appellant
argued that the circuit court erred by 1) convicting him of charges that had been previously
dismissed, and 2) considering a conviction of driving without an operator's license as a criminal
offense rather than a civil offense.  In his reply brief and at oral argument, however, appellant
requested to withdraw these assignments of error.  Accordingly, we do not consider them here.

for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of this rule "is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). Rule 5A:18 applies to all types of cases. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Appellant was initially charged with breaking and entering and two grand larcenies in 2008. At that time, he entered into a plea agreement with the Commonwealth concerning these charges. The circuit court accepted the agreement and took the cases under advisement for two years pursuant to its terms. In 2010, appellant was indicted with another felony attempted breaking and entering charge. Appellant entered into a new plea agreement incorporating the new charge and the previous charges. The Commonwealth amended one of the grand larceny charges to petit larceny, and appellant pled guilty to that charge at that time. The remaining charges were taken under advisement for two years pursuant to the plea agreement.

During that time, appellant was placed on supervised probation. He was also ordered to attend a day reporting center for eighteen months and follow any directions from his probation officer concerning substance abuse treatment. Appellant's probation officer filed probation violation letters with the circuit court in 2012 alleging that he had violated the terms of his probation. Specifically, the violation letters alleged that appellant tested positive for oxycodone, that he had failed to attend several day reporting sessions, and that he had received a new conviction for driving without an operator's license that he failed to report to probation. The circuit court held a hearing concerning these violations on November 7, 2012. Although the

circuit court had dismissed three of appellant's new probation violation charges without a hearing, the court addressed the facts supporting these violations at the November 7, 2012 hearing while proceeding in appellant's underlying cases that were still under advisement at that time.

Although the procedural posture of the present case created some confusion in the circuit court, appellant never objected to the circuit court's decision based on the grounds he now raises in his assignment of error. Appellant never argued that the circuit court should not have considered the facts supporting his alleged probation violations because his probation violation charges had been dismissed, or for any other reason. Appellant made no objections when his probation officer testified concerning the violations.

Moreover, appellant failed to object on the grounds he now advances on appeal at the conclusion of the circuit court hearing. When the circuit court convicted appellant of the offenses, he did not make *any* objections. Appellant did not argue that he had actually complied with the terms of his plea agreement or of his probation. He also did not argue that the circuit court had considered inappropriate evidence in reaching its decision. Appellant only asked the circuit court for mercy, asking it "to possibly consider something other than convicting him on all three [charges]." When the circuit court declined, appellant made no further objections or argument. He also failed to file a motion requesting the circuit court to reconsider or vacate the convictions, or note objections to the circuit court's final sentencing order.

In the absence of any objections based on the grounds appellant now argues on appeal, Rule 5A:18 prohibits this Court from considering his arguments. Additionally, appellant has not asked this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18 to permit appellate review of these assignments of error, and we decline to do so *sua sponte*. See Edwards

v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).  For these

reasons, we affirm the judgment of the circuit court.

Affirmed.