COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Humphreys, Beales and Decker
Argued by teleconference


RAYMOND NATHANIEL MARTIN

                                          MEMORANDUM OPINION* BY
v.        Record No. 1793-13-1            JUDGE ROBERT J. HUMPHREYS
                                          APRIL 7, 2015

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            John W. Brown, Judge

            (Stephanie G. Johnson; Stephanie G. Johnson, P.C., on brief), for
            appellant.  Appellant submitting on brief.

            Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Raymond Nathaniel Martin ("Martin") appeals his conviction by the Circuit Court of the

City of Chesapeake (the "trial court") for failure to return bailed property in violation of Code

§ 18.2-117, based upon Martin's failure to comply with the terms of his plea agreement.

Martin's single assignment of error alleges the trial court erred in denying his motion to

withdraw his guilty plea because Martin was denied his Sixth Amendment right to effective

counsel, pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010).  For the following reasons, we

find Martin's argument is procedurally barred and therefore do not to reach the merits of his

appeal.

        To the extent Martin claims ineffective assistance of counsel, this claim is "not

reviewable on direct appeal and thus can be raised only in a habeas corpus proceeding."  Sigmon

v. Dir. of the Dep't of Corr., 285 Va. 526, 533, 739 S.E.2d 905, 908 (2013).  Accordingly, we

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

find that Martin's argument relating to ineffective assistance of counsel is not properly before this Court.

Additionally, Martin's assignment of error was not preserved below and, consequently, is waived. Rule 5A:18 states that no ruling of the trial court "will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted).

Martin argues on appeal that the trial court "erred in denying the motion to withdraw the Appellant's guilty plea and withdraw from the Appellant's plea agreement." This phrasing presumes that the issue of whether to allow Martin to withdraw his guilty plea was ever before the trial court. However, Martin never moved to withdraw his guilty plea, either orally or in writing. At the first scheduled sentencing hearing on April 12, 2012, Martin's new counsel, Mr. Hugh E. Black, III ("Mr. Black") informed the trial court that Martin's previous counsel, Ms. Heather B. Crook ("Ms. Crook"), had failed to advise appellant of the ramifications of his guilty plea on his immigration status and requested a continuance to further investigate that issue. At the next court date on September 27, 2012, Mr. Black requested an evidentiary hearing, explaining: "I think that based on Padilla v. Kentucky, the holding of the United State Supreme Court, Mr. Martin *would be* entitled to ask that he be allowed to withdraw his guilty plea and set this back down for trial." (Emphasis added).

Despite Martin's failure to actually move to withdraw his guilty plea, the trial court held an evidentiary hearing on December 12, 2012 for the limited purpose of determining whether Ms. Crook had properly advised Martin of the ramifications of a guilty plea on his immigration

status.  Martin waived attorney-client privilege only to the issue of immigration discussions, despite the trial court's warning that a limited waiver would prevent an examination into all the issues that would be raised *if Martin ultimately moved to withdraw his guilty plea*.  To clarify the purpose of the hearing, the prosecutor stated, "Judge, to be clear, I don't think that [Martin's counsel] is making this motion to withdraw the guilty plea. . . . I think he is focusing solely on the Padilla issue."  Martin's counsel responded, "Correct, Judge."

After hearing testimony from Ms. Crook and Martin, the trial court asked Martin to clarify the purpose of his motion.  Mr. Black replied,

> [T]o allow the defendant, Judge—the court to vacate the defendant's conviction at this point. . . . Because of Padilla v. Kentucky.  The Supreme Court holding says:  To satisfy this responsibility, we now hold that counsel must inform—in this case a female—her client whether his plea carries risk of deportation.  That is the holding when you summarize Padilla v. Kentucky.  That is what the Supreme Court said they must be told.  They use the word "must."

The sentencing order noted that an evidentiary hearing had been held pursuant to Martin's motion "to investigate the possible impact of Padilla v. Kentucky on the defendant's plea."  At no point did Martin suggest to the trial court that he sought to withdraw his guilty plea.  Instead, his counsel clarified that he only sought a narrow ruling under Padilla, which pertains to ineffective assistance of counsel in the context of a defendant's immigration status and does not address the issue of withdrawing a guilty plea.  Because there was no motion to withdraw Martin's guilty plea before the trial court, "there is no ruling for us to review."  See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (citations omitted).  For the first time on appeal, Martin requests this Court to permit him to withdraw his guilty plea.  This request has come far too late and in the wrong forum.  Accordingly, we find that Martin's appeal is procedurally barred and therefore affirm the judgment of the trial court.

Affirmed.