UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Malveaux, Causey and Chaney
Argued by videoconference

KEITH BILLINGSLEY, JR.

                                    MEMORANDUM OPINION* BY
v.       Record No. 0857-21-4           JUDGE MARY BENNETT MALVEAUX
                                          MARCH 22, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge Designate

Harold N. Ward, Jr. (The Ward Law Office, P.C., on briefs), for
appellant.

Lindsay M. Brooker, Assistant Attorney General (Mark R. Herring,[1]
Attorney General; Lauren C. Campbell, Assistant Attorney General,
on brief), for appellee.

Pursuant to Code § 19.2-124, Keith Billingsley, Jr. ("appellant") appeals the circuit court's

order denying his motion to be admitted to pretrial bail.  For the following reasons, we affirm.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth,

the prevailing party in the circuit court.  *Holloway v. Commonwealth*, 57 Va. App. 658, 663

(2011) (*en banc*) (quoting *Pryor v. Commonwealth*, 48 Va. App. 1, 4 (2006)).

On May 24, 2021, a grand jury indicted appellant on three counts of armed robbery, in

violation of Code § 18.2-58, armed burglary with intent to commit robbery, in violation of Code

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

§ 18.2-90, conspiracy to commit robbery, in violation of Code §§ 18.2-22 and -58, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.

Appellant was arrested on a capias on June 10, 2021. He filed a motion for bail on July 29, 2021, and on August 6, 2021, the circuit court held a bail hearing.

Counsel for appellant stated at the hearing that appellant was seventeen years old and had been held in detention for about a year.[2] He noted that appellant had a preliminary hearing on the charges in the juvenile and domestic relations district court ("JDR court") on May 10, 2021. Counsel proffered that at that hearing, "the Commonwealth put on its case but really just had to admit to the [c]ourt that it just didn't have any evidence to create probable cause, so the charges were dismissed in juvenile court and then he was direct indicted." After the preliminary hearing, appellant had been released to his mother and lived with her for about three weeks until the Commonwealth obtained direct indictments for the same offenses. Counsel for appellant also noted that appellant had been held in detention for a misdemeanor charge pending in the Prince William County JDR court but had been released on a personal recognizance bond. He also stated that appellant had been studying for his GED exam but could only take the exam while at home. Counsel for appellant asked the court to release appellant to his mother with an unsecured bond.

The Commonwealth noted that appellant was charged with three counts of armed robbery, armed burglary with intent to commit robbery, conspiracy to commit robbery, and use of a firearm in the commission of a felony. It acknowledged that the charges had been pending in the JDR court for "quite some time" which was "partly due to the difficulties in conducting the competency evaluation requested by [appellant] due to COVID." The Commonwealth also

---

[2] The case was submitted to the circuit court at the bail hearing entirely on the proffers of counsel.

- 2 -

noted that appellant had pending charges in Prince William County for possession of a firearm by a juvenile, brandishing a firearm, possession of marijuana, carrying a concealed weapon, animal abuse, and reckless handling of a firearm. The Commonwealth proffered that these offenses had resulted from appellant's display of a firearm in a threatening manner toward off-duty police officers in a shopping mall in Manassas. Appellant also had pending charges for violation of a court order, felony unauthorized use, and grand larceny in Prince William County, and pending charges in Fairfax County for possession of a firearm while in possession of a Schedule I or II controlled substance and distribution of a Schedule I or II controlled substance, as well as possibly another brandishing charge.

The Commonwealth disputed counsel for appellant's characterization of the May 10, 2021 preliminary hearing in the JDR court as reflecting a lack of sufficient evidence by the Commonwealth. Instead, the Commonwealth proffered that the lead detective had been unavailable to testify due to the death of his mother. In addition, a codefendant had proved to be uncooperative at the hearing.

The Commonwealth further proffered that appellant had posted a video of the robbery on Snapchat shortly after the offense. The Commonwealth also stated that several days after petitions were sought for appellant, he had posted a video on Instagram "of him shooting a firearm out the window and [had] captioned it ducking from the Marshals." At that time, the United States Marshals had been looking for appellant, and they had located him about a week after the video was posted. The Commonwealth also proffered that appellant was affiliated with the Thirty Band Gang, a criminal street gang active primarily in the Manassas area.

The Commonwealth argued that appellant was not an appropriate candidate for bail because he posed a danger to the community.

In response, counsel for appellant proffered that the testimony of Kierr'e Walton at the preliminary hearing had been that Walton was "the person who was actually participating in this Snapchat group" and that "he had no reason to believe that [appellant] was one of the participants." Counsel proffered that Walton had also testified that he had not known appellant at the time and that appellant had not been a member "of that Snapchat group." Walton had further testified that he had later heard that appellant was "a good person."

The circuit court denied appellant's motion for bail. In its ruling, the court stated,

> I think what we have to realize is we are here today on the question of bail on the charges that are pending here now. I'm not going back to listen to the other charges. Now, these are very serious charges that are pending against him now that he must face. What the evidence may be is yet to be determined. We will have to wait and see in reference to that matter. But they are very serious charges in this particular matter. In fact, I think some of them fall into the category where there is no bail, there is a rebuttable presumption in reference to bail, in reference to the armed robbery charges that have been made against him. So we also have a question concerning the safety for the public if I release him on bail. With all the other various matters that are pending, it's hard for me to say that I can, in all honesty say he can be released to his mother on a personal recognizance bond for the safety of the community because apparently there are many other charges. So considering the nature of the allegations that are made against him here that brings him before this [c]ourt and also considering the other matters that are pending, the [c]ourt is going to deny his request for bail at this particular time.

This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the circuit court erred in denying his motion for bail.[3]

"On appeal, we review the circuit court's decision whether to grant bail for abuse of judicial discretion." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021); *see also* Rule 5A:2(b) ("An order setting or denying bail or setting terms of a bond or recognizance is reviewable for abuse of discretion."). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Thomas*, 73 Va. App. at 127 (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "A court always abuses its discretion when it makes an error of law." *Id.*

---

[3] Appellant also argues that the circuit court erred in applying a rebuttable presumption against bail because prior to the bail hearing, through legislation effective on July 1, 2021, Code § 19.2-120 was amended to abrogate any presumptions against bail. *See* 2021 Va. Acts ch. 337, 1st Sp. Sess. Here, the circuit court stated in its ruling that it "th[ought]" that some of appellant's charges, namely the armed robbery offenses, were offenses that carried a rebuttable presumption against bail.

Appellant did not challenge the court's use of this presumption at the bail motion hearing. Rule 5A:18 provides, in relevant part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Therefore, we conclude that while appellant preserved the general argument that the circuit court erred in denying his motion for bail, he failed to preserve the specific argument regarding the court's use of a presumption against bail by failing to alert the court to the issue during the hearing. Moreover, appellant failed in his brief to demonstrate good cause for his failure to raise the issue in the circuit court or to request that we invoke the ends of justice exception to the rule. *See Jones v. Commonwealth*, 293 Va. 29, 39 n.5 (2017) (noting that regarding these exceptions, appellate courts "will not sua sponte raise them on [a party's] behalf").

A court can also abuse its discretion in three other ways: (1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) when the circuit court, while weighing "all proper factors," commits a clear error of judgment.

*Id.*[4]

Code § 19.2-120(A) provides that a person charged with a criminal offense "shall be admitted to bail" unless a judicial officer determines there is probable cause to believe that the accused "will not appear for trial or hearing or at such other time and place as may be directed," or that "[h]is liberty will constitute an unreasonable danger to himself, family or household members as defined in [Code] § 16.1-228, or the public." Code § 19.2-120(B) further provides that

[i]n making a determination under subsection A, the judicial officer shall consider all relevant information, including (i) the nature and circumstances of the offense; (ii) whether a firearm is alleged to have been used in the commission of the offense; (iii) the weight of the evidence; (iv) the history of the accused or juvenile, including his family ties or involvement in employment, education, or medical, mental health, or substance abuse treatment; (v) his length of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in [Code] § 16.1-228.

---

[4] On brief, appellant argues that we should review this matter under both the abuse of discretion and *de novo* standards of review because "there is no case law on this new version of the bail statute." However, we utilize the *de novo* standard of review when we interpret a statute. "[T]o the extent that the issue on appeal requires th[is] Court to determine the meaning of a statute and its terms, it reviews that issue *de novo*." *Green v. Commonwealth*, 72 Va. App. 193, 202 (2020). The resolution of this appeal does not require us to interpret the meaning of the recently amended version of Code § 19.2-120; instead, we are reviewing whether the court abused its discretion in its application of the statute. *See Lambert v. Sea Oats Condo. Ass'n Inc.*, 293 Va. 245, 253 n.2 (2017) ("The fact that a statute creates one of the factors the court must consider . . . does not convert the abuse-of-discretion standard of review into a de novo standard.").

Appellant argues that the factors enumerated in subsection B of Code § 19.2-120 favored his admission to bail.[5] We disagree and conclude that the circuit court did not abuse its discretion in denying the motion.

In the instant case, the circuit court denied appellant bail after finding that his liberty would constitute an unreasonable danger to the public. *See* Code § 19.2-120(A)(2). A review of the record demonstrates that the court did not err in making this determination. Under Code § 19.2-120(B)(i), the court was required to consider the nature and circumstances of the offenses. Here, while there was no evidence proffered regarding the underlying circumstances of the charged offenses, appellant was charged with multiple felonies that were violent in nature—three counts of armed robbery, armed burglary with intent to commit robbery, conspiracy to commit robbery, and use of a firearm in the commission of a felony. The court was also required to consider whether a firearm was alleged to have been used in the commission of the offense, *see* Code § 19.2-120(B)(ii), and here the charges clearly reflect that a firearm was used in the commission of the offenses.

The court also was required to consider the weight of the evidence. *See* Code § 19.2-120(B)(iii). Regarding this consideration, the Commonwealth proffered that appellant himself had posted a video of the robbery on Snapchat shortly after the offense. While counsel

---

[5] Appellant also argues that the circuit court erred in failing to explain its ruling with the particularity required for a reviewing court to determine whether the court had abused its discretion. A court making a bail determination "has a duty to articulate the basis of its ruling sufficiently to enable a reviewing court to make an objective determination that the court below has not abused its discretion." *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015). This allows for "prompt and meaningful review of bail decisions." *Id.* Contrary to appellant's argument, we conclude that the circuit court sufficiently articulated the basis of its ruling. Here, the court stated in its ruling that it was denying bail due to its concerns for "the safety of the community" if appellant was released due to his current charges and pending charges in several jurisdictions. Its ruling can reasonably be construed as a finding that there was probable cause to believe that appellant's liberty would constitute an unreasonable danger to the public. *See* Code § 19.2-120(A)(2). Thus, the court's articulation of its reasoning provided this Court with a sufficient basis to enable us to objectively determine that the court did not abuse its discretion.

for appellant proffered that there had been testimony at the preliminary hearing that appellant had not been a participant in the Snapchat group where the video was posted, the circuit court was permitted to accept the Commonwealth's proffer in making its determination about whether appellant's release would constitute a danger to the public. Further, in its consideration of the proffers presented during the hearing, the circuit court was permitted to evaluate appellant's proffer that the Commonwealth had lacked sufficient evidence to establish probable cause at the preliminary hearing in light of the Commonwealth's proffers that a police witness had been unavailable due to a family death and that a codefendant had proved uncooperative.

In addition to the enumerated factors in Code § 19.2-120(B), the Commonwealth also proffered other "relevant information" that supported a probable cause finding that appellant's release would constitute a danger to the community. *See* Code § 19.2-120(B) (providing that a court must consider "all relevant information" in determining whether an accused poses a risk of flight or danger to himself, his family, or the community). The record includes the proffer that appellant had posted a video on Instagram "of him shooting a firearm out the window and caption[ing] it ducking from the Marshals," just days after petitions were sought for him. The Commonwealth also proffered that appellant was affiliated with the Thirty Band Gang, a criminal street gang active in the Manassas area. Finally, the Commonwealth proffered that appellant had charges for other serious offenses pending in other jurisdictions, including charges for offenses that involved firearms.

Regarding the other factors enumerated in Code § 19.2-120(B), appellant's history and his ties to the community, s*ee* Code § 19.2-120(B)(iv) and (v), counsel for appellant proffered that if released appellant could live with his mother and that he could only take his GED exam at home. There was also no evidence that appellant had a criminal history, *see* Code

§ 19.2-120(B)(vi), or that he was likely to obstruct justice or threaten or intimidate a prospective witness, juror, or victim, *see* Code § 19.2-120(B)(viii).

However, on balance, a review of the Code § 19.2-120(B) factors[6] demonstrates that the circuit court's decision to deny appellant's motion for bail had factual support in the record. The violent nature of appellant's offenses, which were committed with a firearm, along with a social media posting about the offense and another posting where appellant displayed a firearm, in addition to appellant's numerous pending charges in other jurisdictions, provided the circuit court with probable cause to believe that appellant's liberty would constitute an unreasonable danger to the public. Thus, we reject appellant's argument that the factors enumerated in subsection B of Code § 19.2-120 favored his admission to bail. Accordingly, because the record fairly supports the circuit court's action, we conclude that the circuit court's decision to deny pretrial bail did not constitute an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, we conclude that the circuit court did not abuse its discretion by denying appellant's motion for bail, and thus we affirm the decision of the circuit court.

*Affirmed.*

---

[6] The only factor we do not discuss is Code § 19.2-120(B)(vii), appellant's appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings. This factor only relates to whether there was probable cause to believe that appellant would not appear for trial.

Chaney, J., dissenting.

I respectfully dissent from the majority's decision that the circuit court did not abuse its discretion in denying appellant's motion for admission to bail. "A court always abuses its discretion when it makes an error of law." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021). "In determining whether the trial court made an error of law, 'we review the trial court's . . . legal conclusions *de novo*.'" *Twine v. Commonwealth*, 48 Va. App. 224, 231 (2006) (quoting *Rollins v. Commonwealth*, 37 Va. App. 73, 79 (2001)). Here, the circuit court made errors of law in denying bail by: (i) applying a defunct statutory presumption against bail and (ii) failing to consider all relevant information, as required by Code § 19.2-120(B).

Former Code § 19.2-120(B) required the judicial officer to presume, subject to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person [seeking bail] or the safety of the public if the person [seeking bail] is currently charged with" an act of violence, including robbery. The newly-amended Code § 19.2-120(B)—which became effective July 1, 2021, a month before appellant's bail hearing in the circuit court—no longer includes any presumptions against bail. *See* 2021 Va. Acts. ch. 337, 1st Sp. Sess. But the circuit court erroneously applied a presumption against bail in denying appellant's bail motion.

In ruling on appellant's bail motion, the circuit court pronounced,

> these are very serious charges that are pending against him now
> that he must face. . . . In fact, I think some of them fall into the
> category where there is no bail, there is a rebuttable presumption in
> reference to bail, in reference to the armed robbery charges that
> have been made against him.

The circuit court clearly abused its discretion by considering the former statutory presumption against bail as a reason to deny appellant's admission to bail.

Appellant's motion for admission to bail sufficed to preserve the issue regarding the circuit court's abuse of discretion in erroneously applying former Code § 19.2-120(B). This

- 10 -

issue was preserved for appellate review because appellant's motion for admission to bail pursuant to Code § 19.2-120 sufficed to "afford the trial court an opportunity to rule intelligently" when applying Code § 19.2-120 in its bail decision. *Weidman v. Babcock*, 241 Va. 40, 44 (1991); *see also Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010) (In deciding whether an issue was preserved for appellate review "[the Virginia Supreme] Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the issue."). "[T]he abuse-of-discretion standard [which applies to appeals of bail decisions] includes review to determine that the discretion was not guided by erroneous legal conclusions." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)). The circuit court clearly made an error of law—and thereby abused its discretion— by denying appellant admission to bail based on former Code § 19.2-120(B).

The circuit court also abused its discretion by failing to consider all relevant information, including all information related to the factors enumerated in the current version of Code § 19.2-120(B). In deciding whether to admit a defendant to bail, a court "shall consider" these factors in determining whether there is probable cause to believe that a defendant's liberty would constitute an unreasonable danger or an unreasonable risk of the defendant's non-appearance in court. S*ee* Code § 19.2-120(A) and (B). The record shows that the circuit court's concern for "the safety of the public if I release him on bail" was based on (i) the defunct statutory presumption that appellant's release would endanger the public and (ii) "many other charges . . . that are pending." According to the record before us, the court failed to give any consideration to the Code § 19.2-120(B) factors relating to appellant's lack of criminal convictions, his current involvement in education, and his supportive family ties to the community. Nor did the circuit court consider the relevant fact that appellant was released on bail on the other pending charges. Thus, the circuit court abused its discretion in denying bail without considering all relevant

- 11 -

information, as required by Code § 19.2-120(B), and by considering and giving significant weight to the improper factor of a presumption against bail. *See Thomas*, 73 Va. App. at 127 ("A court can also abuse its discretion . . . by failing to consider a relevant factor that should have been given significant weight[ ] [and] by considering and giving significant weight to an irrelevant or improper factor . . . .").

Because the circuit court abused its discretion in denying appellant admission to bail, I would remand the case to the circuit court for rehearing of appellant's bail motion with instructions to apply the current version of Code § 19.2-120 and to consider all relevant information, including information related to the factors enumerated in Code § 19.2-120(B).

For the foregoing reasons, I respectfully dissent.